**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MARCUS O. TAITE, # 180664,** | : | |
| **Plaintiff,** | : | |
| **vs.** | : | **CIVIL ACTION 23-0168-KD-MU** |
| **BRIANA WESTRY ROBINSON,** *et al.,* | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

Plaintiff Marcus O. Taite, an Alabama prison inmate proceeding *pro se*, filed a self-styled handwritten complaint that was not accompanied by a motion to proceed without prepayment of fees or the payment of the $402 filing and administrative fees. This complaint was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).  After careful review, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) because Taite did not pay the $402 filing and administrative fees when he filed his complaint.

## Proceedings

Taite is a well-known litigant to the Court under this name and other names.[1]  In the present complaint, titled Affidavit Injunction Complaint, Taite states that he is

---

[1] PACER (Public Access to Courts Electronic Records) reflects 52 cases and appeals for Marcus O(rlando) Taite, 61 cases and appeals for Marcus O(rlando) Tate, and 31 cases and appeals for Drelijah J(oshua) Muhammad(-Ali).  Taite also uses the name

mentally ill and, therefore, cannot be held to the standards of normal people. (Doc. 1 at

1, PageID.1). He maintains that he is not bringing a § 1983 action because "42 USC

expired and repeal 5/2/2023 [*sic*]," but he is filing "a regular citizens constitutional of

1787 A.D. complaint [*sic]* [.]" (Doc. 1 at 2, PageID.2). Moreover, Taite does not claim to

be bringing a habeas petition, as he does not refer to term "habeas" in his complaint[2],

although he does request release in addition to requests for damages and a jury trial.

(Id. at 1, 4, 7, PageID.1, 4, 7). But it is understandable that Taite is not bringing a

habeas petition because his recent habeas petition was dismissed as a successive

petition, Muhammad-Ali a/k/a Taite v. U.S. Congress, 1:21-cv-00245-TFM-N (S.D. Ala.

2021).[3] Rather, he maintains that his citizens complaint is "with no limited or bounds of

28 U.S.C. § 1914(a), or; 28 U.S.C. § 1915(a) . . . or immient dangerousness of Informa

pauperis payments since Title Code 42 has expired and repeal facts subpoena CNN

World News footage of May 2nd 2023 [*sic*]." (Id. at 2, PageID.2). He also asserts that

the "Informa pauperis filing fees only applied in the Title Code 42 U.S.C. § 1983

prisoner's complaints filings [*sic*]." (Id. at 4, PageID.4).

---

Marcus O. Tate-El-Bey-Tey-Washitaw. Tate v. Spencer, CA 18-0224-KD-B (S.D. Ala.
2018) (unpublished). The Court realizes that occasionally a case may appear under
more than one of his names in PACER's listings. Notwithstanding, the number of cases
under just one name reflects Taite's litigiousness.

[2] PACER indicates that Taite previously brought numerous habeas petitions, from which
he filed many appeals.

[3] U.S. ex rel. Osheroff v. Humana Inc., 776 F.3d 805, 811 n.4 (11th Cir. 2015) ("Courts
may take judicial notice of publicly filed documents," such as documents filed in other
courts.); Grandinetti v. Clinton, 2007 WL 1624817, at *1 (M.D. Ala. 2007) (unpublished)
("The court takes judicial notice of the U.S. Party/Case Index, PACER Service Center,
available at *http://pacer.psc.uscourts.gov."* ).

As for his substantive claim, Taite alleges that the Circuit Court Clerk for Wilcox County, Alabama, Briana Westry-Robinson, is holding him unlawfully after she dismissed case DC-17-183 because Section 12-16-204, Code 1975, is void.  (Id. at 3, PageID.3).  Moreover, he filed a "settlement resolution" with the circuit court, which she held to be moot.[4]  (Id.).

Taite maintains this Court has "subject-matter jurisdiction under 28 U.S.C. § 636, Local Rule 72, 28 U.S.C. § 1331 and 1332 to move injunction Federal Rules of Civil Procedure 65 to order judgement of release order since Title 42 USC has expired [*sic*]." (Id. at 4, PageID.4).  He asserts that "now we are under a regular constitution free citizens complaint without discrimination prejudiceness of excessive force of 1). immient dangerness, 2). 28 U.S.C. § 1914(a), 3) 28 USC § 1915.(a) and 4). 28 USC § 1915.(g), and 5). Heck vs. Humphrey U.S. Supreme Court authority and In forma paperis of payment or; three strikes provision . . . . [a]nd one year statutes of limitation authority[.] [*sic*]"  (Id.).

For relief, Taite requests, among other things, an investigation by the U.S. Attorney and the police, $100 million, a true bill against Briana Westry-Robinson for federal kidnapping (18 U.S.C. § 1201), and a federal hearing for him to explain his theory regarding the repeal of Title Code 42.  (Id. at 5-8, PageID.5-8).

**Discussion**

---

[4] Taite also lists "Insurance Provider" in the area containing the style of the case and other language.  It is not clear if he intended the Insurance Provider to be a Defendant because Taite does not refer to the Insurance Provider in his allegations.  (Doc. 1 at 1, PageID.1).  Nonetheless, "[a]s a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010).  Thus, for the purposes of this Report and Recommendation, Briana Westry-Robinson will be treated as the sole Defendant.

To begin with, Taite's allegations are not clear. However, because Taite is pro

se, the undersigned liberally construed his allegations, holding them to less strict

standards than those of an attorney, to arrive at the construction of his claim.

*Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998).  The undersigned also

knows that Taite is subject to the three-strikes provision of 28 U.S.C. § 1915(g) based

on his prior complaints.  Taite v. Walker, 1:14-cv-00530-CG-B (S.D. Ala. 2014)

(unpublished) (dismissed pursuant to § 1915(g)).  The undersigned understands Taite's

argument to be that as a consequence of Title 42 being repealed, an action under 42

U.S.C. § 1983 does not exist so he filed a regular citizens constitutional complaint, and

with there no longer being an action under 42 U.S.C. § 1983, 28 U.S.C. § 1914(a)

(requiring the payment of fees) and 28 U.S.C. § 1915 (providing for proceeding without

prepayment of fees) are no longer in effect because they only apply to prisoners'

complaints filed under 42 U.S.C. § 1983.  Therefore, he does not have to pay the fees

for a § 1983 action or seek *in forma pauperis* status under 28 U.S.C. § 1915 with its

three-strikes provision.  Taite's argument, however, is without legal merit.

After researching the current lawfulness of 42 U.S.C. § 1983, the undersigned

finds that 42 U.S.C. § 1983 has not been repealed as Taite contends. Taite based his

argument on a CNN newscast that he heard on May 2, 2023, stating Title 42 has been

repealed.  The recent use of the term "Title 42" in the news and the courts stems from

the COVID-19 pandemic.  See Arizona v. Mayorkas, 143 S.Ct. 478, 478 (Dec. 27, 2022)

(Mem.) (Gorsuch, J., dissenting).  "From March 2020 to April 2022, the Centers for

Disease Control and Prevention responded to the COVID–19 pandemic by issuing a

series of emergency decrees.  Those decrees—often called 'Title 42 orders'—severely

restricted immigration to this country on the ground that it posed a 'serious danger' of

'introduc[ing]' a 'communicable disease.' 58 Stat. 704, <u>42 U.S.C. § 265</u>." <u>Id.</u> (emphases

added). "The Title 42 Order allowed immigration officials to turn arriving aliens away at

the border without placing them in immigration proceedings or considering their asylum

claims." <u>Florida v. Mayorkas</u>, 2023 WL 3398099, at *1 n.1 (N.D. Fla. May 11, 2023)

(unpublished). The section of Title 42 that was at issue was § 265, <u>Arizona</u>, <u>supra</u>,

which provides:

> Whenever the Surgeon General determines that by reason of the
> existence of any communicable disease in a foreign country there is
> serious danger of the introduction of such disease into the United States,
> and that this danger is so increased by the introduction of persons or
> property from such country that a suspension of the right to introduce such
> persons and property is required in the interest of the public health[.]"

42 U.S.C. § 265.

In his dissent, Justice Gorsuch continued throughout to refer to "Title 42 orders."

<u>Arizona</u>, <u>supra</u>. He perceived that the States' request for a continuance of the Title 42

orders was to address the "immigration crises at the border" because the public health

justification for the Title 42 orders had lapsed. 143 S.Ct. at 479. He further

acknowledged the end of the Title 42 orders would have a disruptive effect. <u>Id.</u> "Less

than two weeks before the oral argument in the case, . . . the justices took the case off

their oral argument calendar, presumably because the COVID-19 public health

emergency (and therefore the Title 42 policy) was slated to expire on May 11."

www.scotusblog.com/2023/05/court-dismisses-title-42-case/ (lasted visited May 24,

2023). Thus, "Title 42 [that] allowed authorities to swiftly turn away migrants at the US

border, ostensibly to prevent the spread of the novel coronavirus" lapsed on Thursday,

May 11, 2023. www.cnn.com/2023/05/11/us/title-42-what-happens-next/index. "Now

that Title 42 has lifted, the US government is returning to a decades-old section of the

US code known as Title 8, which . . . carr[ies] 'more severe' consequences for migrants

found to be entering the country without a legal basis." Id.

The use of the term "Title 42 (orders)" in current events appears to be a short-

hand way to refer to 42 U.S.C. § 265. This imprecise reference to "Title 42" is, and was,

misleading, especially to Taite, because section 1983 of Title 42 has not been

invalidated by the federal courts or repealed by the Congress. Taite, however, insists

his action is not an action under 42 U.S.C. § 1983 but is an "original citizens free world

complaint" or a "regular citizens constitutional . . . complaint" which do not appear to be

an action over which the federal courts have subject-matter jurisdiction, or which has

been previously heard of. (Id. at 2, 6, PageID.2,6); cf. McQueary v. Child Support Enf't,

812 F. App'x 911, 913 (11th Cir. 2020) ("There are three types of federal subject matter

jurisdiction: '(1) jurisdiction under a specific statutory grant; (2) federal question

jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28

U.S.C. § 1332(a).'").

A federal court is a court of limited of jurisdiction. Kokkonen v. Guardian Life Ins.

Co., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). A federal court

is authorized by the Constitution or Congress to hear only certain types of actions. Id.

A cause of action is presumed to lie outside the court's limited jurisdiction, and the

burden is on the plaintiff to show to the contrary. Id. Moreover, "a federal court is

powerless to act beyond its . . . grant of subject matter jurisdiction[.]" Smith v. GTE

Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

Taite refers to 28 U.S.C. §§ 1331 and 1332 as providing subject-matter jurisdiction for his complaint. Section 1332 gives "[t]he district courts . . . original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, . . . , and is between. . . . citizens of different States." 28 U.S.C. § 1332(a)(1). That is, diversity jurisdiction exists only when "there is no plaintiff and no defendant who are citizens of the same State." Wisconsin Dep't of Corrs. v. Schacht, 524 U.S. 381, 388, 118 S.Ct. 2047, 2052, 141 L.Ed.2d 364 (1998) (diversity-of-citizenship jurisdiction is destroyed by the mere presence of one non-diverse defendant). Here, Taite named Briana Westry-Robinson from Wilcox County, Alabama, as Defendant.[5] Thus, the complaint cannot be based on diversity-of-citizenship jurisdiction under § 1332 because both Taite[6] and Westry-Robinson are Alabama citizens.

Turning to Section 1331, this statute provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. It appears that the Court *may* have jurisdiction over Taite's action under § 1331 because Taite is complaining about matters in a state-court criminal case that, based on the undersigned's experience, *may* touch upon a constitutional right.

---

[5] Briana Westry-Robinson is a District Court Judge for Wilcox County, Alabama. https://wilcox.alacourt.gov/district-judge (lasted visited May 24, 2023).

[6] A prisoner's citizenship is determined by the place of his domicile prior to his incarceration. Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1314 (11th Cir. 2002). Thus, Taite is a citizen of Alabama as his habeas petition reflects that he received a second-degree burglary conviction and a life sentence as a habitual offender in the Circuit Court of Clarke County, Alabama. Taite v.Stewart, 2016 WL 4154257, at *1 (S.D. Ala. 2018).

7

Lastly, Taite referred to no other federal statute that confers jurisdiction. That is, his reference to 28 U.S.C. § 636 (the jurisdiction of a magistrate judge), Local Rule 72 (magistrate judges' duties), and Rule 65 of the Federal Rules of Civil Procedure (injunctions and restraining orders) do not concern a federal district court's subject-matter jurisdiction. (Doc. 1 at 4, PageID.4).

Focusing on Taite's substantive claim, it is not clearly pleaded. If his claim is for a violation of the Constitution, he cannot proceed directly under the Constitution because Congress "created an equally effective remedial scheme" for a violation of a constitutional right by a state actor when it enacted 42 U.S.C. § 1983. Williams v. Bennett, 689 F.2d 1370, 1390 (11th Cir.) (citation and quotation marks omitted), cert. denied, 464 U.S. 932 (1983). Even though Taite denies that he is bringing a § 1983 action, a § 1983 action is the action under which his damages claim for an unconstitutional conviction and sentence may proceed and be reviewed. See Preiser v. Rodriguez, 411 U.S. 475, 493, 93 S.Ct. 1827, 1838, 36 L.Ed.2d 439 (1973) ("If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus."). And "declaratory or injunctive relief claims which are in the nature of habeas corpus claims—i.e., claims which challenge the validity of the claimant's conviction or sentence and seek release—are simply not cognizable under § 1983." Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995). Thus, Taite cannot gain his release in a § 1983 action. He must pursue such claims in a habeas petition under 28 U.S.C. § 2254.

Due to the state of Taite's allegations, the undersigned is unable to discern the conviction involved.  However, this Court would lack jurisdiction over a habeas petition to consider a second or successive petition unless an authorization from the Eleventh Circuit accompanied the petition, (which was not done when the present complaint was filed).  Osbourne v. Sec'y, Fla. Dep't of Corrs., 968 F.3d 1261, 1264 (11th Cir. 2022); see Taite v. Stewart, 2016 WL 4154257, at *1 (S.D. Ala. 2018) (dismissing a habeas petition challenging Taite's second-degree burglary conviction and sentence of life imprisonment as time-barred).

However, to proceed on a claim under § 1983, or any civil complaint, in federal district court, at the time of the complaint's filing, a person must file a motion to proceed without prepayment of fees, 28 U.S.C. § 1915(a)[7], or pay $402 in filing and administrative fees, 28 U.S.C. § 1914(a)[8] and Judicial Conference Schedule of Fees,

---

[7]  Section 1915(a)(1) and (2) provides:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> (2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C.§ 1915(a)(1-2)(emphases added).

[8] Section 1914 provides:

No.14.  Contrary to Taite's contention that §§ 1914(a) and 1915(a) apply only to

prisoners, the text of these statutes reflects that they are not limited to prisoner actions

but apply to all civil actions filed in federal court.  For example, social security plaintiffs

and nonprisoner pro se plaintiffs frequently avail themselves of 28 U.S.C. § 1915's

provisions.  Because Taite has had three actions dismissed as frivolous or malicious or

for failure to state a claim[9], he was required to pay $402 in fees at the time of the

complaint's filing according to 28 U.S.C. § 1915(g).[10]  It is only if he was under imminent

---

> (a) The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350, except that on application for a writ of habeas corpus the filing fee shall be $5.
> (b) The clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States.
> (c) Each district court by rule or standing order may require advance payment of fees.

28 U.S.C. § 1914 (emphasis added).

[9] Taite's actions that have been dismissed as frivolous or malicious or failure to state a claim are: Marcus Orlando Taite v. Haley, CA-02-0034-MHT-CSC (M.D. Ala. Apr 18, 2002); Marcus O. Tate v. Keahey, CA-02-0734-BH-S (S.D. Ala. Feb 11, 2003); and Marcus Tate v. Lawson, CA 06-01779-RBP (N.D. Ala. Nov. 17, 2006).

[10] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

danger of serious physical injury that he could proceed *in forma pauperis* under 28

U.S.C. § 1915(a)(1).  Taite is aware of § 1915(g)'s requirements.  See Taite v. Walker,

1:14-cv-00530-CG-B (S.D. Ala. 2014) (dismissed pursuant § 1915(g) with citations to

five other § 1915(g) dismissals).  No allegations, however, are present in the complaint

that Taite was under imminent danger of serious physical injury at the time of

complaint's filing, and the undersigned concludes that such a finding would not be

consistent with his allegations.  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir.

1999) (the imminent danger of serious physical injury must exist at the time the

complaint is filed, not at a prior time).  Thus, Taite does not qualify for 28 U.S.C. §

1915(g)'s exception and was required to pay the $402 filing and administrative fees

when he filed his complaint.

## Conclusion

Because Taite did not pay the $402 filing and administrative fees when he filed

his complaint, this action is due to be dismissed without prejudice, prior to service of

process, pursuant to 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the

manner provided by law. Any party who objects to this recommendation or anything in it

must, within fourteen (14) days of the date of service of this document, file specific

written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P.

72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule

3-1, "[a] party failing to object to a magistrate judge's findings or recommendations

contained in a report and recommendation in accordance with the provisions of 28

U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

   **DONE and ORDERED** this 31st day of May, 2023.


                                             **s/ P. BRADLEY MURRAY**
                                             **UNITED STATES MAGISTRATE JUDGE**